United States District Court
Southern District of Texas
**ENTERED**
November 23, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EAST WEST BANK, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1917 |
| | § | |
| 4G METALS, INC., *et al.*, | § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER

This case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 26] filed by Plaintiff East West Bank, seeking summary judgment on the breach of contract claim. Defendants filed a Response [Doc. # 31], and Plaintiff filed a Reply [Doc. # 33]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion as to the liability of all Defendants on the breach of contract claim and **denies** the Motion as to the amount owed.

## I. BACKGROUND

In late 2015, Defendant 4G Metals, Inc. ("4G") and Defendant IPAX Industrial, LLC ("IPAX") opened separate bank accounts at Plaintiff East West Bank. Defendants Imran Shuja Khan, Desai Prateek, and Chirag A. Gandhi were authorized signers on the 4G account. Wajahat Ali Khan was originally the only authorized signer on the IPAX account, but Desai Prateek was later added as an authorized

signer. Each of the signature cards for the two accounts contains a representation that the signer has received a copy of the Deposit Agreement and agrees that the account will be governed by it.

The Deposit Agreement provides that the words "you" means the owner(s) and authorized signer(s) on the account. *See* Deposit Agreement, Exh. A1 to Motion, p. 1. The Deposit Agreement provides further that "You agree to pay us the amount of any overdraft immediately . . .." *See id.* at 16. Additionally, the Deposit Agreement provides that "Each of you is jointly and severally responsible to us for paying any and all overdrafts created by any one of the authorized signers . . ., irrespective of who signed the check or item creating the overdraft, benefitted from the payment, or contributed funds to the account." *See id.* at 17.

Plaintiff alleges that in May 2016, Defendants engaged in a check-kiting scheme that resulted in an overdraft in the 4G account in the amount of $874,602.26, and an overdraft in the IPAX account in the amount of $429,764.15.

Plaintiff filed this lawsuit on June 29, 2016. The Motion for Partial Summary Judgment has been fully briefed and is now ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of

an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002); *Chambers v. Sears, Roebuck and Co.*, 428 F. App'x 400, 407 (5th Cir. June 15, 2011). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the

non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### III.    ANALYSIS

#### A.    Legal Standard for Breach of Contract Claim

Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009).

#### B.    Liability

In this case, there is a Deposit Agreement between East West Bank and 4G and a Deposit Agreement between East West Bank and IPAX. There is no dispute that these Deposit Agreements are valid contracts. It is also undisputed that Plaintiff

provided banking services pursuant to the Deposit Agreement, and that East West Bank sustained damages as a result of the overdrafts.

The individual Defendants argue that they are not personally liable.[1]  This argument fails.  Each individual Defendant is an authorized signer on at least one of the accounts.  The Deposit Agreement for each account provides specifically that "you" means the owner and the authorized signers on the account.  *See* Deposit Agreement, p. 1.  The Deposit Agreement provides further that "You [defined to include the authorized signers] agree to pay us the amount of any overdraft immediately . . .."  *See id.* at 16.  Additionally, the Deposit Agreement provides that "Each of you [defined to include the authorized signers] is jointly and severally responsible to us for paying any and all overdrafts created by any one of the authorized signers . . ., irrespective of who signed the check or item creating the overdraft, benefitted from the payment, or contributed funds to the account."  *See id.* at 17.  Consequently, the Deposit Agreement imposes liability on each authorized signer for any overdraft in the account for which he is an authorized signer.

The Deposit Agreement provides also that "you (and all other authorized signers, designated agents, and the person or entity you represent if you sign as a

---

[1]  Defendants 4G and IPAX do not challenge liability on the breach of contract claim, but contest the amount of damages claimed by East West Bank.

representative of another) agree to and are bound by the rules, terms and conditions described in this Agreement." *See id.* at 1. The individual Defendants argue that this provision precludes a finding of personal liability. The reference to "other" authorized signers does not, however, negate the definition of "you" in the Deposit Agreement to include each authorized signer.

Individual Defendant Wajahat Khan argues that he signed only in his representative capacity and, therefore, has no personal liability. Merely placing a corporate designation after one's signature does not relieve an individual signer of personal liability where, as here, the contract at issue imposes individual liability. *See, e.g., Wood v. PennTex Res. L.P.*, 458 F. Supp. 2d 355, 364 (S.D. Tex. 2006) (Rosenthal, J.) (citing *Am. Petrofina v. Bryan*, 519 S.W.2d 484, 487 (Tex. App. – El Paso 1975, no writ)).

As noted above, the Deposit Agreement provides that the words "you" means the owner(s) and authorized signer(s) on the account. *See* Deposit Agreement, p. 1. The Deposit Agreement provides further that "You [defined to include authorized signers] agree to pay us the amount of any overdraft immediately . . .." *See id.* at 16. The Deposit Agreement provides also that "Each of you [defined to include authorized signers] is jointly and severally responsible to us for paying any and all overdrafts created by any one of the authorized signers . . ., irrespective of who signed the check

or item creating the overdraft, benefitted from the payment, or contributed funds to the account." *See id.* at 17. As a result, each defendant is liable to East West Bank for the overdrafts in the 4G and IPAX accounts. East West Bank is entitled to summary judgment as to liability of each defendant on the breach of contract claim.

### C. Amount Owed

Plaintiff asserts that the overdraft amount for the 4G account is $874,602.26, and the overdraft amount for the IPAX account is $429,764.15. In support of this assertion, Plaintiff submits an affidavit, but no documentation to support the affiant's statement. Defendants have submitted affidavits stating that these amounts are inflated and similarly provide no documentary support. The Court cannot determine on this record the amount of the account overdrafts and, as a result, summary judgment is denied as to the amount owed.

### IV. CONCLUSION AND ORDER

Plaintiff has presented evidence that there is an overdraft for the 4G and IPAX accounts, and that each individual defendant is responsible under the Deposit Agreement to pay the overdraft on the account(s) for which he is an authorized signer. Defendants have presented no evidence to the contrary. The amount owed by Defendants remains in dispute. As a result, it is hereby

**ORDERED** that East West Bank's Motion for Partial Summary Judgment [Doc. # 26] is **GRANTED** as to liability on the breach of contract claim and **DENIED** as to the amount owed. It is further

**ORDERED** that counsel shall appear before the Court at **10:00 a.m. on December 2, 2016**, for a status conference.

SIGNED at Houston, Texas, this **23rd** day of **November, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE